**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4502**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

JANELL TOVAH FISHER,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, District Judge. (3:13-cr-00024-HEH-1)

Submitted: January 27, 2014  Decided: February 11, 2014

Before NIEMEYER, GREGORY, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark Bodner, Fairfax, Virginia, for Appellant. Dana J. Boente, Acting United States Attorney, Erik S. Siebert, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Janell Tovah Fisher appeals from the 120-month sentence imposed by the district court after his guilty plea to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012). On appeal, Fisher claims that his sentence is procedurally and substantively unreasonable because the district court (1) overstated his criminal history and failed to consider the 18 U.S.C. § 3553(a) (2012) factors when imposing an upward variance; (2) failed to consider unwarranted sentencing disparities that could result from the imposition of the upward variance; and (3) imposed an excessively lengthy upward variance. We affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46, 51 (2007). We first review for significant procedural error, and, if the sentence is free from such error, we then consider the substantive reasonableness of the sentence. Id. at 51. Procedural error includes "improperly calculating[] the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, . . . or failing to adequately explain the chosen sentence." Id. Substantive reasonableness is determined by considering "the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. An upward variance is permitted where

2

justified by the § 3553(a) factors. See id. We "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance," and the fact that we might find "a different sentence appropriate is insufficient to justify reversal of the district court." Id.

We first conclude that Fisher's above-Guidelines sentence is procedurally reasonable.[*] The district court properly calculated Fisher's Guidelines range (and Fisher does not contend otherwise), treated the range as advisory, and adequately explained the selected sentence. The court specifically explained that Fisher's above-Guidelines sentence was warranted because the offense indicated involvement in significant drug-trafficking activity, Fisher had an extensive criminal record, and Fisher's prior experience with the criminal justice system lacked the desired deterrent effect. In addition, the court considered that the total offense level was inadequate to reflect Fisher's criminal history. Further, the court explicitly addressed Fisher's arguments, noting that counsel's arguments had persuaded it to impose a sentence lower than the sentence advocated by the Government. While the district court did not specifically address Fisher's argument

---

[*] The advisory Guidelines range was seventy to eighty-seven months.

regarding unwarranted sentencing disparities, the court did state that it took into account all the sentencing factors. Because the district court clearly considered Fisher's individual circumstances, we conclude that Fisher's sentence is procedurally reasonable.

We also hold that Fisher's sentence is substantively reasonable, considering the totality of the circumstances, including the extent of the variance. Although Fisher's sentence is nearly three years above the high-end of the advisory Guidelines range, the district court did not abuse its discretion in determining that such a deviation was justified by the § 3553(a) factors, including Fisher's criminal history, the need to protect the public, and the need to provide adequate deterrence. Thus, we conclude that Fisher's 120-month sentence is reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>